OPINION OF THE COURT
Thomas E. Ramich, J.
The Chemung County Probation Department has asked Elmira City Court to consider granting Janet Rogers an early discharge from probation. On May 5, 2002, Janet Rogers was sentenced to be on probation for three years by the Honorable Nicholas Dugo of the Watkins Glen Village Court.
At the time of her sentencing, Mrs. Rogers apparently resided in Horseheads and her probation supervision was transferred to Chemung County. The Probation Department does not indicate whether Mrs. Rogers lives in the Town or Village of Horseheads. There is also no indication that she lives in *104 the City of Elmira. Despite this, the Probation Department has asked Elmira City Court to “assume the powers and duties of the sentencing court” (CPL 410.80 [2]).
This same section of law goes on to state that, “In transfers involving a defendant sentenced to probation upon conviction of a misdemeanor, the court served by the probation department to which supervision is transferred shall be the appropriate local criminal court within the jurisdiction of the probation department.” (CPL 410.80 [2].)
Section 10.10 (3) of the Criminal Procedure Law states that “ ‘Local criminal court’ means: (a) A district court; or (b) The New York City criminal court; or (c) A city court; or (d) A town court; or (e) A village court; or (f) A supreme court justice sitting as a local criminal court; or (g) A county judge sitting as a local criminal court.”
Where a county contains multiple different local criminal courts, section 20.50 of the Criminal Procedure Law sets the geographical jurisdiction of offenses, and the jurisdiction of the cities, towns and villages located therein.
Where supervision of a defendant sentenced to probation is transferred from one county to another, a court located in the county where probation has been transferred must be selected to “assume the powers and duties of the sentencing court.” (CPL 410.80 [2].) A close reading of this section indicates that not every court located in the county of transfer has the right to assume these powers and duties.
Section 410.80 (2) specifically indicates that only the “appropriate local criminal court within the jurisdiction of the probation department” may do so. This section specifically states that “In transfers involving a defendant sentenced to probation upon conviction of a misdemeanor, the court served by the probation department to which supervision is transferred shall be the appropriate local criminal court within the jurisdiction of the probation department.” (CPL 410.80 [2] [emphasis added].)
If the repeated use of the word “appropriate” is not enough to convince a reader that every local criminal court in the county does not have the right to assume power over the transferred probationer, one need only read the last sentence of this same section to see the intent of the law. The last sentence of section 410.80 (2) states that “The probation department that serves the sentencing court shall consult with the probation department to which supervision will be *105 transferred and recommend the appropriate local criminal court to receive the case.”
It is the opinion of this court that the Probation Department, in making its recommendation as to the appropriate local criminal court to receive the case, must take into consideration the geographical residence of the defendant and the geographical jurisdiction of the local criminal court.
The geographical jurisdiction of the Elmira City Court in criminal matters is limited to matters occurring within the City of Elmira. In the present case, the defendant Janet Rogers’ last known residence is in the Town or Village of Horseheads. The Town of Horseheads and the Village of Horseheads each contain a “local criminal court” as defined by section 10.10 (3) of the Criminal Procedure Law.
In order for Elmira City Court to assume the powers and duties of the sentencing court, the transferred probationer, in this case, Janet Rogers, must reside within the City of Elmira.
The court therefore declines to assume the powers and duties of the sentencing court unless it is provided with sufficient evidence to indicate that Janet Rogers resides within the City of Elmira.